The next case, if you would call it for the record, please, Sintegra. Thank you all. Good afternoon and welcome to Sintegra Health Systems v. Dr. Gaines. May it please the Court, Mr. Gaines, my name is Robert Makarowski and I represent Sintegra Health. Mr. Makarowski, if you would, at the outset, please address, the Court has a concern as to whether or not we have jurisdiction. If you could address that. That's the overarching question. It appears that we do not have jurisdiction, so tell us why you believe we do. Okay. The reason why I believe you do have jurisdiction is if the appeal is untimely, then there is no need to address the other issues that are raised in the case in chief. The circuit court judge, I believe, felt that the appropriate place to argue this case was here, because if the appeal was not timely, then all of the other arguments and issues become moot. So it was a way of streamlining the outcome of this case. But isn't that always the case when the circuit court reverses a decision of the commission that awarded, that denied benefits and sends it back for a full hearing on the merits? Yeah. That would be the case. It's the case when you're talking about one of the fundamental issues in a workers' compensation case is identified, for example, in the steepsheet. Causal connection, nature and extent, statute of limitations, TTD, all of those things that usually appear in the case in chief. And we were actually set to, we both briefed the case before the full commission on the issues in question. And the commission also felt that this was the appropriate way to go here first on the issue of whether or not their denial of our motion to dismiss was proper, as opposed to arguing all of the other. That may make some logical sense, but obviously, as you know, no one can confer jurisdiction on the court. We either have it or we don't. There's no such thing as tentative jurisdiction. The concern seems to be, I believe you asked the commission to defer consideration of the merits pending the resolution of the motion to dismiss. Nobody got to the merits of the issues. It was denied. So it appears to be an interlocutory order. It's not final and appealable because the commission never addressed the merits of the claims. They addressed the issue, though, of the statute of limitations. They did issue an order as opposed to a decision on that. Well, right. But they didn't deal with the other issues, correct? That's correct. What was the circuit court's order, though? That's the order we have to look at to determine our jurisdiction. Circuit court's order was remanding it back to the commission for a hearing, right? What they said. I will find the order. I wasn't prepared to address the issue that you raised, so I will look for that order. And, Judge, if you have that order before you, I have no reason to question, you know, how you read the order or how it's read. So if that's the case, then I would. Matter coming out for oral argument and plaintiff's appeal to the commission's decision, all issues having been briefed and both parties being represented by counsel, it is hereby ordered that the commission decision is affirmed. That's the entire. I think the problem is the commission's decision. They denied a motion to dismiss. I mean, of course, it's expedient to come on up with that, but there would be no difference between doing that on a commission decision or a circuit court decision denying a motion to dismiss a complaint. It would be the same thing. Except you've got more issues. And those, of course, are not appealable. Right. You've got more issues and more complications. So this was a final order from the commission in terms of our motion to dismiss. It wasn't, you're right, it wasn't a final order on all of the other issues that were raised. And the circuit court didn't remand it back to the commission. They just ordered the decision is confirmed. The circuit court didn't examine its jurisdiction. Right. No, it just says it's ordered that the commission decision is confirmed. So we took an appeal from that. And so your position is we have jurisdiction because it would be expedient and makes logical sense. Because it resolves the issue that the commission issued a final order on. And if you agree with us that the matter wasn't appealed timely, then all of the other issues are moved. So instead of me coming here eventually or counsel coming here eventually and arguing five or six issues, we would be only arguing one. But a denial of a motion to dismiss is never a final order. A denial of a motion to dismiss always merges into the underlying judgment after the case is reviewed on the merits. And that's the same in common law cases as it is before the commission. If you grant a motion to dismiss, that certainly is a final order. But when you deny one, you can never appeal the denial of a motion to dismiss until it merges into the judgment itself. And then you appeal from the judgment, alleging the case should have been dismissed. It was time-barred. You know, I didn't come, and I apologize, I didn't come to address that issue. I don't pretend to be an expert on that issue. If the learned judges feel that that's what the appropriate mechanism should be, I'm not here to argue with you or against you. If you feel that's where it should go and all the issues should be decided at that time, I'm not standing here opposing what you feel is the appropriate thing. We'll hear from your opponent. Maybe he has some more illuminating insight. But I think there's a serious jurisdictional problem. Okay. And then I'll, if we. If we, before we even consider going further, we do want to hear a reply. That's fine. If counsel has a reply. Counsel. Thank you. George Gaines for nominee K. Thank you, Mr. Makarowski. Mr. Makarowski, about a week or two after I filed my brief, it hit me. It's an interlocutory order. This needs to be remanded. And I. So you would acknowledge there's a serious jurisdictional problem at best, right? Yes. Well, I mean, you mean jurisdiction with respect to the timely filing of the review? I mean, the interlocutory appeal. There's no final order for us to review here. Exactly. Okay. I'm not sure how I'm going to explain this to Ms. K. I should have argued this earlier. Yeah. But there was a recent case that made this crystal clear, and I didn't see it until, again, a couple of weeks later. Well, I'm not sure that the circuit court hit jurisdiction either. That's right. There was no final order for them to review. Circuit court to review. I suspect you're correct, Your Honor. So. Okay. One other comment. Mr. Makarowski, on behalf of the respondent, did file a review before the Illinois Industrial Commission as well. That's still pending. We both filed reviews. So I wouldn't. So by deciding this case as he suggested and in the fashion he suggested today, would he dispose of this matter on all issues as he suggested? Thank you, counsel. Going back to his other case. I believe that it's the consensus of the court that we are without jurisdiction to hear this appeal at this time. So the circuit court was without jurisdiction also? I have no objection to fighting by your decision as to the appropriate way to go. But then, you know, from my standpoint, if I didn't appeal that order, you know, the circuit court probably should have told me and my client that we don't have jurisdiction. We need to demand it back. Correct. Yeah, the mistake was the circuit court actually reviewed the denial of the motion to dismiss when they never should have, because the circuit court can only address the final order. They couldn't, of the commission, they can't address interlocutory orders. I mean, there's no provision for that. And I have no objection to what the judges are telling me. Okay. Very good.